UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :    Civ. No. 3:16CV00992(AWT)
JAMES STEBBINS, et al.       :
                             :
v.                           :
                             :
S&P OYSTER CO., et al.       :    April 3, 2017
                             :
-----------------------------x
```

## RULING ON PLAINTIFFS' MOTION TO COMPEL [#72]

On February 15, 2017, plaintiffs James Stebbins, Daniel Clark, and Brian Pothier ("plaintiffs") filed a Motion to Compel Discovery. [Doc. #72]. Plaintiffs' motion seeks an Order compelling defendants S&P Oyster Co., Peter Nikolaisen, and Cathleen Holland ("defendants") to provide further responses to plaintiffs' November 3, 2016, discovery requests. See id. at 1. Defendants have filed a Memorandum of Law in Opposition to Plaintiffs' Motion to Compel. [Doc. #79]. Plaintiffs have filed a Reply. [Doc. #81]. For the reasons set forth below, plaintiffs' Motion to Compel is **GRANTED, in part, and DENIED, in part**, with leave to renew.

## I.   Background

Plaintiffs filed this action on June 20, 2016, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§31-59, et seq., on behalf of plaintiffs and all similarly

situated individuals. Plaintiffs, all servers at the defendant restaurant, allege, <u>inter alia</u>, that they were deprived of their statutory minimum wage and overtime wages, and that defendants failed to provide them with mandated notice regarding a tip credit allowance. <u>See generally</u>, Doc. #1. Plaintiffs have filed a Motion for Conditional Certification of a Collective Action pursuant to the FLSA (Doc. #54), and have indicated that they also plan to pursue certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. <u>See</u> Doc. #1 at 6-9; Doc. #72 at 2. Defendants deny the allegations in the Complaint, and have filed an opposition to plaintiffs' motion for conditional certification. [Doc. #62]. That motion, which is fully briefed, is pending before Judge Alvin W. Thompson. A settlement conference is scheduled for May 5, 2017, before the undersigned. [Doc. #68].

## II.  <u>Legal Standard</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." <u>Cole v. Towers Perrin Forster & Crosby</u>, 256 F.R.D. 79, 80 (D. Conn. 2009).

## III. <u>Discussion</u>

Plaintiffs' Motion to Compel seeks to compel further responses to plaintiffs' First Sets of Interrogatories and Requests for Production, served on November 3, 2016. Defendants' responses to the requests at issue were served on December 5, 2016. After several efforts to meet and confer, defendants agreed to provide additional responses and documents responsive to plaintiffs' requests. This motion to compel was filed while those discussions were ongoing.

Plaintiffs contend that defendants have failed to comply with Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, because defendants' objections do not state whether responsive materials were withheld. <u>See</u> Doc. #72 at 4. Plaintiffs also argue that they are entitled to a more complete response to Interrogatory 6, which requests the identities of the putative class members. The remainder of plaintiffs' motion relates to 21 requests for documents that generally concern pay records, tip records, and time records for the named plaintiffs and for

putative class members. Plaintiffs argue, <u>inter</u> <u>alia</u>, that they
"are clearly entitled to class-wide discovery in aid of their
anticipated motions for class/collective certification." Doc.
#72 at 11. They further aver that this discovery is expressly
permitted by the Court's Scheduling Order, Doc. #48, which
provided for "preliminary discovery related to class
certification," specifically, "[i]nitial discovery requests
related to the certification of a class and the suitability of
the class representatives." Doc. #48 at 2. Plaintiffs claim that
providing responses to their requests would not be burdensome,
and that the discovery sought is not disproportional "to the
amounts in controversy here." Doc. #72 at 12.

Defendants oppose plaintiffs' motion, arguing, <u>inter</u> <u>alia</u>,
that plaintiffs' requests exceed the limited discovery that was
authorized by the Court's Scheduling Order, and that plaintiffs
are not entitled to the disclosure of the identifying
information of putative class members at this point in the
litigation. <u>See</u> Doc. #79 at 1-3. Specifically, defendants argue
that the disclosure of identifying information of potential opt-
in class members is appropriate only after a collective action
is conditionally certified. <u>See</u> <u>id.</u> at 3. Defendants contend
that the redacted documents that they have now provided,
including daily tip sheets, contain the unique employee number
for each server who might be a class member, so that plaintiffs

may "properly craft a damages model" in preparation for the settlement conference scheduled in this matter. Id. at 4. Finally, defendants have offered to provide all documents in response to the discovery requests at issue for a sampling of ten servers of plaintiffs' choosing. See id.

The requests at issue can be grouped into two categories: requests that seek identifying information of putative class members, and requests that seek discovery that goes to the merits of the case. The Court will address each category in turn.

**A.   Identifying Information**

Interrogatory 6 seeks identifying information of putative class members:

> **Interrogatory 6:** Identify all Persons who received tips, whether directly from customers or indirectly through a tip distribution scheme, at S&P Oyster throughout the Liability Period. For each Person identified, set forth the Person's title at S&P Oyster.

Doc. #72-2 at 46.[1] Defendants raised objections to this request, and responded, stating:

> During the period of November 1, 2013, to present, there were approximately 63 servers employed by S&P who received tips. In addition, kitchen team members, bartenders, some hostesses, runners, busboys, expediters, and server team members employed by S&P during that time period received tips from the servers,

---

[1] Plaintiffs have also requested the "expedited disclosure" of the contact information of putative plaintiffs in connection with plaintiffs' Motion for Conditional Certification, which is pending before Judge Thompson. Doc. #54-1 at 12.

per the servers' voluntary agreement. None of them were employed by Cathleen Holland or Peter Nikolaisen.

Id. at 46-47.

Plaintiffs assert that they are entitled to discovery of these individuals' identities, including their names; current and prior job titles and job descriptions; last known telephone numbers; and last known email addresses. See Docs. #72 at 6; #72-1 at 3. Plaintiffs argue that this information will tend to show whether other employees are similarly situated and thus whether certification of a collective action is appropriate in this matter. Plaintiffs also contend that the production of this contact information "will identify witnesses whose testimony is highly relevant to whether putative collective members are similarly situated." Doc. #72 at 13; see also id. at 14. Defendants argue that discovery of the names and contact information of putative class members is appropriate only if the motion for conditional certification is granted. See Doc. #79 at 13. Defendants argue that since the motion for conditional certification is fully briefed, plaintiffs only seek this discovery to "identify and solicit new clients." Doc. #79 at 4.

"Pre-certification discovery of potential class lists is favored by most cases considering the question, within the contexts of Rule 23, FLSA, or both." Zaniewski v. PRRC Inc., No. 3:11CV01535(CSH), 2012 WL 996703, at *1 (D. Conn. Mar. 22,

2012); see also Youngblood v. Family Dollar Stores, Inc., No.
09CV3176(RMB) 2011 WL 1742109, at *3 (S.D.N.Y. Jan. 5, 2011)
("[A] number of courts, in [the Southern District of New York]
and elsewhere, have concluded that pre-certification disclosure
of the names and addresses of putative class members in wage and
hour cases is appropriate." (collecting cases)).

> Given the Supreme Court's direction that the broad
> remedial goal of the FLSA should be enforced to the full
> extent of its terms, pre-certification discovery is
> appropriate to enable Plaintiff to define the class and
> identify     similarly     situated     employees.     Pre-
> certification discovery of employee contact information
> will either enable Plaintiff to make a fuller showing at
> the conditional certification stage, or reveal that the
> collective action is not suitable for certification.
> Additionally, early access to this information may allow
> Plaintiff to move for conditional certification earlier
> and potentially permit putative class members to opt-in
> earlier. Encouraging early certification furthers the
> FLSA's    broad    remedial    goal    because    the    FLSA's
> limitations period continues to run until the potential
> class member opts in, giving rise to a need to identify
> and provide notice to potential class members promptly.

Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09CV1148(LBS),
2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) (quotation marks
and citations omitted).

Courts in this District have addressed the question of
whether and when to order the disclosure of contact information
of potential class members, and, in similar situations, have
concluded that discovery of some identifying information is
proper prior to the conditional certification of a collective
action. See Strauch v. Computer Scis. Corp., No. 3:14CV956(JBA),

2015 WL 75884, at *4 (D. Conn. Jan. 6, 2015) (permitting limited pre-certification discovery of identification and contact information); Allard v. Post Rd. Entm't, No. 3:11CV901(AWT), 2012 WL 951917, at *2 (D. Conn. Mar. 20, 2012) (same). Indeed, this Court has been unable to locate a District of Connecticut or Second Circuit Court of Appeals decision holding that discovery of the identities of potential class or collective members is barred until after certification has been granted, and the defendants have cited to none in their brief.

In Allard, the Court adopted the approach of courts in the Southern District of New York and elsewhere allowing "discovery of a putative class ... where the plaintiff shows a good faith need for employee contact information for the purpose of establishing the propriety of conditional certification." Allard, 2012 WL 951917, at *1 (quotation marks and citations omitted). There, Judge Martinez held that plaintiff had demonstrated "a good faith need for the putative class list to enable her to define the class and identify similarly situated employees," and that there were "no legitimate grounds to limit the requests at issue." Id. at *2.

In Strauch, a FLSA action, the plaintiffs moved to compel pre-certification discovery; namely, the production of all identifying information, contact information, organizational information and information regarding compensation for

prospective class members, 2015 WL 75884, at *1. In finding that "pre-certification [] discovery of some identifying information regarding putative class members is appropriate[,]" id. at *4, the Court in Strauch followed the approach of the Court in Allard, and of many other courts in the Second Circuit. However, Judge Margolis in Strauch held that discovery of certain identifying information sought by plaintiffs, such as social security numbers, was "too excessive and intrusive." 2015 WL 75884, at *4.

Here, the Court finds that plaintiffs are entitled to discovery of the identifying information of potential opt-in plaintiffs at this stage in the litigation. Although the motion for conditional certification is still pending before the Court, "conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members." Fei v. WestLB AG, No. 07CV8785(HB), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008). Rather, the discovery sought will inform the question of whether certification should be granted. Indeed, discovery of the contact information at issue may "reveal that the collective action is not suitable for certification." Whitehorn, 2010 WL 2362981, at *2. Moreover, "[e]ven where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts ... have often ordered the disclosure of

contact information for potential opt-in plaintiffs so that
discovery into the collective allegations could continue and the
plaintiffs could renew their motion for certification at a later
date." Guan Ming Lin v. Benihana Nat'L Corp., 755 F. Supp. 2d
504, 513 (S.D.N.Y. 2010) (collecting cases).[2]

Finally, although defendants argue that such information
would implicate privacy concerns, "discovery of names, addresses
and e-mail is not extraordinarily invasive of the employees'
privacy and any such burden does not outweigh the likely
benefit." Allard, 2012 WL 951917, at *2; see also Guan Ming Lin,
755 F. Supp. 2d at 514-515.[3] The Court also notes that defendants

---

[2] It is particularly appropriate to permit plaintiffs this
discovery because defendants have opposed the motion for
conditional certification on the grounds that plaintiffs have
made only "vague, conclusory" allegations and have not made a
sufficient "factual showing" of commonality. See Doc. #62 at 9,
10. These claims are reiterated throughout defendants'
opposition, which also asserts that "there are factual variances
in plaintiffs' and potential opt-in plaintiffs' experiences"
that are relevant to the Court's assessment of the motion for
conditional certification. Id. at 10. If defendants wish to
argue in one context that the plaintiffs lack adequate factual
information, the Court is hard-pressed to find in another
context that defendants should be permitted to withhold that
information.

[3] While plaintiffs' Interrogatory 6 does not request the social
security numbers of putative plaintiffs, the request for contact
information in plaintiff's Motion for Conditional Certification
does. The Court declines to order the production of the putative
plaintiffs' social security numbers at this time. See, e.g.,
Strauch, 2015 WL 75884, at *4 (ordering pre-certification
discovery of contact information, but denying the production of
social security numbers); Tate v. WJL Equities Corp., No.
13CV8616(JLC), 2014 WL 2504507, at *2 (S.D.N.Y. June 3, 2014)

have offered to provide this information without reservation for a sampling of ten putative plaintiffs, to be selected by plaintiffs' counsel, which raises questions about the merits of the privacy concerns. See Youngblood, 2011 WL 1742109, at *4 ("Indeed, if the protection of its employees' privacy is [defendant's] paramount concern, it is unclear why [defendant] would agree to sampling, a procedure which is no less invasive for those employees comprising the sample set.").

The Court therefore finds that disclosure of the identifying and contact information that plaintiff seeks for all putative class members is appropriate. Accordingly, the Court **GRANTS** plaintiffs' motion to compel a more detailed response to Interrogatory 6. For each of the sixty-three identified potential plaintiffs, defendants shall provide the individual's: (1) full name; (2) last known mailing address; (3) last known email address; (4) last known telephone number; (5) present or last known place of employment; (6) job title during the time in question; and (7) dates of employment at S&P Oyster Restaurant. Defendants shall provide this information to plaintiffs **on or before April 18, 2017.**

---

(same, in connection with conditional certification of a collective action); Guan Ming Lin, 755 F. Supp. 2d at 515 (same, at pre-certification).

**B.    Merits Discovery**

Plaintiffs also argue that they are entitled to documents responsive to Requests 7, 8, 11, 14, and 24, which request, as to all putative class members[4]: payroll records, paychecks, paystubs, weekly schedules, time clock records, tip share agreement documents, and documents concerning deductions in pay. Plaintiffs contend that defendants "have not produced a single document" responsive to these requests. Doc. #72 at 7.

Plaintiffs also seek discovery regarding tip income in response to Request 10, which seeks, "[f]or each Plaintiff, all payroll records, paychecks, and/or paystubs, and all records of tip income." Doc. #72 at 8. Plaintiffs state that defendants produced "some" time and wage records but did not produce records of tip income. See id. Plaintiffs argue that defendants' responses to Requests 12, 13, 15, 16, 17, 18, 19, 20, and 21 are also deficient. These requests seek records regarding tip shares or pools, daily amounts of tips earned by different employees, and accounting procedures or methodology used in calculating distribution of tips. See id. at 8-10. Finally, plaintiffs seek documents in connection with Requests 27, 28, 29, 38, 29, and 50, which request records of payroll reporting and payroll policies; and communications between defendants, plaintiffs, and

---

[4] Request 8 also requests the weekly schedules for the named plaintiffs.

class members regarding tips and/or wages paid. See id. at 10-11.

After plaintiffs' motion was filed, defendants provided additional documents responsive to plaintiffs' requests. Defendants also contend that their initial production "included time and payroll records for the named plaintiffs dating back to January, 2013, as well as daily tip sheets." Doc. #79 at 22. Plaintiffs' reply concedes that defendants have now produced "thousands of pages" of discovery, but complains that the "great majority" of it was received "after the filing of the Motion to Compel." Doc. #81 at 6-7. Plaintiffs state that defendants' production "still does not include any class member records from 2013, despite Plaintiffs' specific requests for records as of 2013 and the three-year statute of limitations." Doc. #81 at 7. Plaintiffs also argue that the redacted records identify servers only by their identification codes, which makes it "absolutely impossible to determine accurate damages owed to each class member" because it requires them to "go through thousands of documents to find the matching six digit numbers that may be listed on any of the pages." Doc. #81 at 3.

As an initial matter, the Court notes that plaintiffs must have anticipated that additional documents would be produced after the motion to compel was filed, as defendants made it abundantly clear to plaintiffs that they intended to continue to

produce documents and that any motion to compel would be premature. See Docs. #72-3 at 4; #72-7 at 2-6; Doc. #79-1 at 4, 7-8, 15-17.

Next, it has not yet been determined whether this case will be conditionally certified as a collective action. The Court set a schedule to conduct initial discovery related to class certification; this deadline was not intended to authorize merits discovery as to all potential opt-in plaintiffs. Indeed, plaintiffs themselves have argued that "extensive discovery is not necessary at [this] initial stage." Doc. #54-1 at 10 (quotation marks and citation omitted). Despite the repeated reference in plaintiffs' papers to "class members," this action has not been conditionally certified to proceed as a collective, nor has a class action been certified. See Doc. #81 at 2, 3. Thus, extensive discovery regarding wages, tips, and hours worked for putative class members is not appropriate at this time. See Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06CV6198(LAK), 2007 WL 1521117, at *4 (S.D.N.Y. May 24, 2007) ("[P]re-certification discovery on the merits of the class claims is generally inappropriate.").

While discovery as to putative class members might assist the plaintiffs in the calculation of damages for the purposes of settlement discussions, the Court believes that defendants have offered plaintiffs sufficient information to craft a damages

analysis. Defendants state that "a complete set of daily tip sheets dating back to May 12, 2014 and payroll and time records from January 6, 2014 to December 31, 2016" have been produced for putative class members, with names redacted. Doc. #79 at 4. The Court declines to compel defendants to provide more discovery than they are required to at this stage in the litigation.

Finally, the Court leaves open the question as to the relevant time period, as Judge Thompson will necessarily determine this issue in connection with the Motion for Conditional Certification. See Doc. #54-1 at 11-12; Doc. #62 at 17-18. It is not this Court's role, in ruling on this pre-certification motion to compel, to determine the statute of limitations applicable to plaintiffs' FLSA claims.

Accordingly, the Court **DENIES** plaintiffs' motion to compel additional responses to Requests for Production 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, 27, 28, 29, 38, 29, and 50; with leave to renew upon resolution of plaintiffs' Motion for Conditional Certification. The Court strongly encourages the parties to meet in person to attempt to resolve any additional discovery disputes without further Court intervention.

## IV.  Conclusion

For the reasons set forth above, plaintiffs' Motion to Compel is **GRANTED, in part, and DENIED, in part.** Defendants shall provide identifying and contact information of the putative plaintiffs in response to Interrogatory 6, as described above, **on or before April 18, 2017.** The remainder of plaintiffs' motion is **DENIED,** with leave to renew after resolution of plaintiffs' Motion for Conditional Certification.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 3rd day of April, 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
